**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KIRSHA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00941-GMN-LRL |
| v. ) | |
| ) | **O R D E R** |
| WENDY'S CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint pursuant to 42 U.S.C. § 1983 (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, while the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal quotations and citation omitted). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face

1  of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

3      Plaintiff filed her Complaint on the court's civil rights complaint form for actions pursuant to
4  § 1983. The substance of plaintiff's allegations reveals, however, that she is not alleging a civil rights
5  violation under § 1983. The Complaint alleges that a private corporation, Wendy's, discriminated
6  against her on the basis of her race and disability. Plaintiff does not establish that the allegations are
7  traceable to the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1002-12 (1982) (private persons who are not
8  government officials may be sued under § 1983, but they and their actions must be very closely tied to
9  the government in order to be considered "acting under color of state law"). Nor has plaintiff set forth
10 the particular facts that would entitle her to relief, or provided dates on which her civil rights were
11 allegedly violated. Hence, plaintiff's Complaint must be dismissed for failure to state a claim upon
12 which relief may be granted under § 1983. Plaintiff will, however, be given an opportunity to amend
13 her Complaint. The amended complaint must cure the deficiencies listed above.

14      Accordingly, and for good cause shown,

15      IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

16      IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion
17 without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma*
18 *pauperis* status shall not extend to the issuance of subpoenas at government expense.

19      IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

20      IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

1  IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by November 22,
2  2010, or her case may be dismissed with prejudice.
3  DATED this 21st day of October, 2010.

                                       _____
                                       **LAWRENCE R. LEAVITT**
                                       **UNITED STATES MAGISTRATE JUDGE**